**UNITED STATES, Appellee,**

v.

**Sergeant Kelvin W. DOUGLAS, 263–45–6895, United States Army, Appellant.**

**SPCM 22028.**

U.S. Army Court of Military Review.

31 July 1986.

---

For Appellant: Captain Floyd T. Curry, JAGC (argued); Lieutenant Colonel Paul J. Luedtke, JAGC, Major Dale K. Marvin, JAGC (on brief).

For Appellee: Captain Susan E. Fine, JAGC (argued); Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC (on brief).

Before RABY, CARMICHAEL, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

ROBBLEE, Judge:

Appellant was tried by a special court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of wrongful use of marijuana in

violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1982 and Supp. II 1984). Appellant was sentenced to a bad conduct discharge, a fine of $400.00, and reduction to the grade of Private E–1. The convening authority approved the sentence as adjudged.

Appellant contends, *inter alia*,[1] that the evidence is insufficient as a matter of law on the grounds that (a) the permissive inference of wrongfulness[2] is limited to circumstances where evidence of lawful use has not been introduced and (b) the government failed to disprove the special defense of ignorance or mistake of fact raised at trial incident to appellant's claim of innocent use. Additionally, in oral argument before this court, appellant urges that he was deprived of the presumption of innocence because, at trial, he was required to go forward with evidence establishing that his use of marijuana was lawful in order to rebut the permissive inference of wrongful use. Only appellant's assertions regarding sufficiency of the evidence merit discussion.

To prove its case on the charge, the government introduced duly authenticated records indicating that appellant had tested positive for the presence of tetrahydrocannabinol (THC), a marijuana metabolite. The chain of custody regarding the urine sample and the scientific reliability of the urinalysis test performed were established. Further, the expert witness for the government offered the opinion that the metabolite level in the sample was caused by other than passive inhalation.

The defense challenged the reliability of the test results, asserted that appellant had unknowingly ingested marijuana by eating several pieces of cake into which marijuana had been baked, and offered evidence of

---

1. Appellant, through counsel, asserts that the convening authority erred by approving a sentence including a bad conduct discharge where the record was nonverbatim and that his sentence, insofar as it included a fine, was inappropriate. Appellant also personally asserts error in the nature of prosecutorial misconduct, unlawful command influence, and inappropriately severe sentencing.

2. Manual for Courts-Martial, United States, 1984, part IV, para. 37c(5); *United States v. Harper*, 22 M.J. 157, 162 (C.M.A.1986) ("The inference of wrongfulness is a permissive inference or presumption, not a mandatory inference or presumption.")

appellant's good character. The defense expert opined that orally ingested marijuana could result in a positive urinalysis result at the level reported in appellant's case.

The government presented no direct evidence to disprove appellant's claim of innocent use. Government cross-examination did, however, vigorously attack the credibility of the defense witnesses, including that of appellant. Cross-examination of appellant revealed, for example, that appellant had not considered his positive urinalysis as being incident to the ingestion of marijuana-laced cake until his defense counsel told him that mere passive inhalation could not adequately explain it; that at the party at which appellant had eaten such cake, a party attended by 35–40 people, many of whom were smoking marijuana, appellant, although testifying that he did not use marijuana but at the time believed that passive inhalation could result in a positive urinalysis, nonetheless stated that he was "unconcerned" about being present where marijuana was being used; and that while the alcohol which appellant drank the night of the party and on the day after the party dimmed his recollection of how much he drank on those two days, it did not obscure his ability to recall the characteristics of the cake in detail, the specific number of pieces of the cake which he had eaten on both days, and that the cake did not appear to contain any substance out of the ordinary.

The military judge instructed the members of the court that they could infer that appellant's use of marijuana was wrongful absent evidence to the contrary; that the inference was permissive, specifically, that "[t]he drawing of this inference [was] not required"; that the use of marijuana must be knowing; that the defense of innocent use and, by analogy, the defense of ignorance or mistake of fact had been raised by appellant's claim that he had eaten portions of a cake laced with marijuana; that the court could not find appellant guilty if it had reasonable doubt that appellant knew of the presence of marijuana in the cake "no matter how unreasonable his lack of knowledge [might] have been"; that evidence of appellant's good military character might raise a reasonable doubt regarding his guilt; that the burden of proof to establish the guilt of the accused beyond a reasonable doubt was on the government; and that "[t]he burden never shifts to the accused to establish innocence or to disprove the facts necessary to establish each element of the defense."

In our view, the question of whether the use of an illegal drug was wrongful is, in the last analysis, a question of fact. Inferences are evidentiary devices fundamental to factfinding, *Ulster County Court v. Allen*, 442 U.S. 140, 156, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979) and not violative of due process if there is a rational connection between the evidentiary and ultimate facts found.[3] *Id.* Such a connection exists if the ultimate fact of wrongfulness is more likely than not to be true once the fact of use has been proven. *See Ulster County Court v. Allen*, 442 U.S. at 165, 99 S.Ct. at 2228. We are persuaded that appellant's introduction of unrebutted evidence opposed to the inference of wrongfulness should not in and of itself foreclose consideration of the inference by the factfinder.[4] To do so would impermissibly frustrate the capacity of courts-martial to find ultimate facts and would disregard military precedent indicating that a properly raised inference or presumption

---

3. Constitutional validity under the Due Process Clause depends "on the strength of connection between the [evidentiary facts] and [the ultimate] facts involved and on the degree to which the device curtails the factfinder's freedom to assess the evidence independently." *Ulster County Court*, 442 U.S. at 156, 99 S.Ct. at 2224.

4. "Of course, the mere fact that there is some evidence tending to explain a defendant's [use of marijuana] consistent with innocence does not bar instructing the jury on the inference. The jury must weigh the explanation to determine whether it is 'satisfactory.' (citation omitted). The jury is not bound to accept the correctness of the inference." *Barnes v. United States*, 412 U.S. 837, 845 n. 9, 93 S.Ct. 2357, 2362 n. 9 (1973).

should survive until the factfinder extinguishes it for lack of credibility. *See United States v. West*, 34 C.M.R. 449, 453 (C.M.A.1964) ("Possession is, of course, presumed to be unlawful in the absence of an explanation thereof satisfactory to the court members"); *United States v. Biesak*, 14 C.M.R. 132, 142 (C.M.A.1954) ("[A] presumption disappears only upon the presentation of evidence that the trier of fact does not disbelieve."). Accordingly, based on the circumstances of this case, we find that the military judge properly instructed the court members that they could infer wrongful use absent evidence to the contrary.

 We also reject appellant's assignment of error based on ignorance or mistake of fact and that urged upon us in oral argument with respect to the burden of proof having been shifted. In this regard, the Supreme Court has indicated that

[b]ecause [a] permissive [inference] leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the "beyond a reasonable doubt" standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference. For only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, has caused the presumptively rational factfinder to make an erroneous factual determination.

*Ulster County Court v. Allen*, 442 U.S. at 157, 99 S.Ct. at 2225. *Accord, United States v. Harper*, 22 M.J. 157, 162 (C.M.A. 1986). Inasmuch as there is a recognized rational connection between the use of illegal drugs and wrongfulness in the military, *United States v. Harper*, 22 M.J. at 162 and cases cited therein, it was not impermissible for the government, in the instant circumstances, to rely on the permissive inference of wrongful use, in addition to the related evidence on which it was based, to disprove the defense of ignorance or mistake of fact. Moreover, since the Supreme Court has approved the practice of requiring an accused to show why a permissive inference should not be applied against him as above, *Ulster County Court v. Allen*, 442 U.S. at 157, 99 S.Ct. at 2224; *United States v. Harper*, 22 M.J. at 162, we find no impropriety in requiring appellant to do so where, as here, the court was properly instructed on both the inference and the burden of proof. Consequently, we further find no infringement upon the presumption of innocence to which appellant was entitled. Thus, we conclude that the permissive inference of wrongfulness was properly before the court and the evidence of record, to include the inference of wrongfulness, was sufficient to support a finding of wrongful use beyond a reasonable doubt.

We have considered the issues personally raised by the appellant and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Judge CARMICHAEL concurs.

RABY, Senior Judge, concurring:

I concur with my brother judge's opinion.

We admonish all future offenders that a defense of innocent or unknowing use of marijuana will not overcome a permissible inference of wrongful use unless and until such defense is found sufficiently credible to be contrary to and to overcome such inference. Any other conclusion than that presented in the majority opinion would provide future offenders a windfall from the introduction of perjured or otherwise absurd testimony.